**MOTOWN RECORD COMPANY, L.P., Plaintiff–Appellee,**

v.

**MOTOWN BEVERAGE COMPANY OF OHIO and Arthur B. Boyd, Jr., Defendants–Appellants.**

**Docket No. 01–7732.**

United States Court of Appeals, Second Circuit.

Jan. 31, 2002.

---

**108**

Donald Howard, Cleveland, OH, for Appellants.

Kenneth L. Bressler, Nixon Peabody, N.Y., NY, for Appellee.

Present NEWMAN, KEARSE, Circuit Judges, and RAKOFF, District Judge *.

### SUMMARY ORDER

This cause came on to be heard on the record from the United States District Court for the Southern District of New York, and was argued by counsel.

ON CONSIDERATION WHEREOF, it is now hereby ordered, adjudged, and decreed that the judgment of said District Court be and it hereby is modified, and as modified, is affirmed.

Defendants Motown Beverage Company and Arthur Boyd appeal from a May 29, 2001 judgment of the United States District Court for the Southern District of New York, Loretta A. Preska, *Judge*, ordering them to pay sanctions, including attorneys' fees, in the amount of $119,715.39 to plaintiff Motown Record

---

* Honorable Jed S. Rakoff, of the United States District Court for the Southern District of New York, sitting by designation.

Company, L.P. ("2001 Judgment"), on the grounds that defendants violated the November 19, 1997 final judgment on the merits in this action ("1997 Judgment") by continuing to use the "Motown" mark, that they filed frivolous postjudgment motions pursuant to Fed.R.Civ.P. 60(b) rearguing previously rejected contentions, including one such motion after the 1997 Judgment had been affirmed on appeal, and that they filed a lawsuit in Michigan asserting claims that had been conclusively resolved against them by the 1997 Judgment, *see* Order dated March 29, 2000. On appeal, defendants contend principally that the filing of the Rule 60(b) motions should not have been penalized because the district court should have been more lenient with Boyd as a *pro se* litigant, and that the district court erred in penalizing them for their activities "outside the court room" (Defendants' brief on appeal at 9). We have considered all of defendants' contentions on this appeal and have concluded that the 2001 Judgment of the district court should be modified and, as modified, affirmed.

We review a district court's decision to award sanctions and attorney's fees under an abuse-of-discretion standard. *See, e.g., Cooter & Gell v. Hartmarx Corporation*, 496 U.S. 384, 402, 110 S.Ct. 2447, 110 L.Ed.2d 359 (1990); *In Re Bolar Pharmaceutical Co. Securities Litigation*, 966 F.2d 731, 732 (2d Cir.1992) ("the scope of our appellate review of attorneys' fee awards is narrow ... [because] the district court, which is intimately familiar with the nuances of the case, is in a far better position to make certain decisions than is an appellate court, which must work from a cold record"). Applying this standard, we conclude as follows.

We reject defendants' contention that the filing of the Rule 60(b) motions should not have been penalized because Boyd, as a *pro se* litigant, should have been accorded greater lenience. The record reveals that only one of the Rule 60(b) motions was filed by Boyd *pro se*. It further reveals that in his *pro se* motion Boyd urged that relief be granted not only to him but also to the corporation, despite his having been warned repeatedly that he, as a non-attorney, could not represent the corporation. We see no abuse of discretion in the court's conclusion that the Rule 60(b) filings should be sanctioned.

■ We also reject defendants' contention that the district court could not impose sanctions for their conduct outside the courtroom. A federal court that has entered a decree within its jurisdiction has inherent authority to enter an injunctive order designed to effectuate that decree, *see generally Dugas v. American Surety Co.*, 300 U.S. 414, 57 S.Ct. 515, 81 L.Ed. 720 (1937); *Wards Co. v. Jonnet Development Corp.*, 761 F.2d 84, 92 (2d Cir.1985), and to impose sanctions for contempt in order to enforce compliance with its mandates, *see, e.g., Chambers v. NASCO, Inc.*, 501 U.S. 32, 43–44, 111 S.Ct. 2123, 115 L.Ed.2d 27 (1991); *People by Abrams v. Terry*, 45 F.3d 17, 23 (2d Cir.1995).

Further, although defendants argue that "[n]o injunction was ever imposed by the district court of New York ... which precluded Dr. Boyd from litigating in other jurisdictions" (Defendants' brief on appeal at 11), that assertion is contradicted by the record. Following the issuance of an order to show cause, to which defendants did not respond, the district court entered an order that "enjoined [defendants] from re-litigating issues decided by this Court in its [1997] Judgment, affirmed by the Second Circuit on November 6, 1998, and in particular ... from continuing to proceed in the [Michigan] action." Order dated August 16, 1999. That injunctive order formed part of the basis for the district court's ruling on March 29, 2000, implemented in the 2001 Judgment, that sanctions should be imposed on defendants in connection with their pursuit of the Michigan suit.

■ However, we note that the Michigan action was commenced by defendants on June 9, 1999; that the district court's August 16 order enjoining defendants from "continuing to proceed" in the Michigan suit was entered on August 18, 1999 ("August 1999 Injunction"); and that the district court does not appear to have focused on the appropriateness of sanctions for legal services rendered in connection with the Michigan suit prior to the August 1999 Injunction. We will therefore modify the 2001 Judgment to reduce the sanctions award by (a) $9,868.11, representing the amount billed by the Dickinson firm for the months of June and July 1999, plus (b) $29,589.17, representing 2/3 of the $44,383.75 billed by the Proskauer firm for those two months. Although some of the services rendered by those firms in June and July 1999 might relate to matters other than the Michigan suit, and some services rendered after July 1999 might relate to matters arising before the injunction was issued, we regard the reductions we have made from the June and July billings as an adequate approximation of the legal services rendered to defend the Michigan suit prior to entry of the injunction. The sanction amount is therefore reduced by a total of $39,457.28, to $80,258.11.

The 2001 Judgment of the district court is modified to award sanctions in the amount of $80,258.11, and, as modified, is affirmed.